1  ALLEN J. GROSS (SBN 141082)
   ajg@msk.com
2  EMMA LUEVANO (SBN 198421)
   eyl@msk.com
3  VERONICA T. VON GRABOW
   (SBN 259859) vtv@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
6  Facsimile:   (310) 312-3100

7  Attorneys for Defendant
   DISCOVERY BENEFITS, INC.

8  THOMAS H. CHRISTOPHER            DAVID C. PARISI (SBN 162248)
   (GA SBN 125512)                   dcparisi@parisihavens.com
9  TChristopher@KilpatrickStockton.com  SUZANNE HAVENS BECKMAN
   KATHARINE M. FIELD                (SBN 188814)
10 (GA SBN 443275)                    shavens@parisihavens.com
   KField@KilpatrickStockton.com      PARISI & HAVENS LLP
11 KILPATRICK STOCKTON LLP            15233 Valleyheart Drive
   1100 Peachtree Street, Suite 2800  Sherman Oaks, California  91403
12 Atlanta, Georgia 30309-4530
   Telephone:  (404) 815-6385         Telephone: (818) 990-1299
13 Facsimile:   (404) 541-3155        Facsimile: (818) 501-7852
   *Admitted Pro Hac Vice*
14                                    Attorneys for Plaintiff SUSAN
   Attorneys for Defendant            CARMONA
15 DISCOVERY BENEFITS, INC.

16 STEVEN L. ZELIG (SBN 94654)
   slzlaw@aol.com
17 BRENTWOOD LEGAL SERVICES LLP
   11661 San Vicente Boulevard, Suite 1015
18 Los Angeles, California  90049
   Telephone:  (310) 442-6042
19 Facsimile:   (310) 442-6052

20 Attorneys for Plaintiff SUSAN CARMONA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CARMONA, an individual, on behalf of herself, the general public and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY BENEFITS, INC., a North Dakota corporation, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. CV 09-02635 FMC (AGRx)<br><br>The Honorable Florence–Marie Cooper<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Date:  June 29, 2009<br>Time:  9:00 a.m.<br>Ctrm.:  750 |

Mitchell Silberberg & Knupp LLP

2278953.1

JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

Plaintiff and Defendant, by and through their counsel of record, respectfully submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Central District of California Local Rule 26-1.

## 1.     PRELIMINARY STATEMENT

This is a purported class action lawsuit brought by plaintiff and putative class representative SUSAN CARMONA ("Plaintiff") against defendant DISCOVERY BENEFITS, INC. ("Defendant") and other unidentified individuals. Plaintiff alleges that Defendant wiretapped, eavesdropped on, monitored and/or recorded telephone calls with Plaintiff and other California residents without first informing consumers or obtaining their consent and permission to do so. Plaintiff asserts the following causes of action against DISCOVERY BENEFITS, INC.: (1) violations of the California Invasion of Privacy Act; and (2) violations of the Common Law Right of Privacy.

Defendant denies Plaintiff's claims. Certain of Defendant's defenses are set out in its Answer. In addition, Defendant contends that (1) to the extent that any telephone calls to persons in California were recorded, the individuals consented, (2) that it acted in good faith and lacked the necessary intent to establish a legal violation, and (3) that this case is inappropriate for class action treatment.

## 2.     RULE 26(f)(1) INITIAL DISCLOSURES

The parties will exchange Rule 26(a)(1) initial disclosures by June 25, 2009.

## 3.     RULE 26(f)(2) and (3) DISCOVERY SCHEDULE, SUBJECTS, AND LIMITATIONS

Defendant proposes that discovery be phased or bifurcated and that the initial phase of discovery be limited to the issues relevant to Ms. Carmona's individual claim and to class certification. This initial phase may include discovery on the merits of issues related to class certification and liability and damages regarding Ms. Carmona. This discovery would include depositions of

officials and employees of Defendant concerning Defendant's relevant practices and policies, and the extent to which and the circumstances under which any telephone calls from Defendant to putative class members in California were recorded during the relevant period. Plaintiff would then file a motion for class certification and discovery would be stayed until that issue was resolved by the Court. If a class was certified, the parties would then engage in discovery on the issues pertinent to whatever class was certified.

The parties have also discussed the possibility of a mediation prior to the filing of the class certification motion and request that the time for the filing of the class certification motion be extended to permit this, as well as to permit relevant discovery. Because of significant privacy issues, that discovery may be somewhat delayed. Accordingly, Defendant proposes the following schedule:

| | |
|---|---|
| Opening of discovery: | July 6, 2009 |
| Class Certification motion filed on or before: | January 11, 2010 |
| Stay of discovery pending ruling on class certification motion: | Commencing January 11, 2010 |
| Reopening of discovery following class certification ruling: | By further Order of the Court following the Class Certification Ruling |
| Deadlines for dispositive motions, pretrial filings, and the setting of a trial date: | By further Order of the Court after the Class Certification Ruling |

Plaintiff's position is mostly consistent with Defendant's proposal. Plaintiff believes that Defendant's proposed schedule with regard to the briefing of the Motion for Class Certification is appropriate. However, Plaintiff has chosen to follow Rule 26(d) and will begin to serve discovery immediately now that the Rule 26(f) conference has concluded.

Further, Plaintiff believes that the scope of each phase of discovery should be precisely defined if discovery is to be bifurcated in any way. It is Plaintiff's position that most discovery into absent putative class members' personal information should be delayed until after the Court makes a determination on class certification. Personal information encompasses any information which cannot be disclosed absent a court order, as well as the content of telephone call recordings between Defendant and such putative class members. Plaintiff anticipates that she will support her class certification motion with evidence that Defendant had a routine practice of recording outgoing calls to California residents without disclosing the fact, and will use this evidence to prove that the recordings in Defendant's possession which are identified as calls to California residents were made in conformity to this practice. Finally, Plaintiff anticipates defining the class so that, if individual review of these recordings is required, such review will be ministerial and can be properly conducted subsequent to the Court's decision on her motion for class certification. *See, e.g., Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 514 (N.D. Cal. 2007); *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 624 (N.D. Ill. 2007).

Plaintiff anticipates that she may need discovery into two areas on an accelerated time frame than that proscribed by the proposed discovery schedule. First, Plaintiff requires discovery on the *number* of relevant recordings to have a productive mediation with Defendant (even though discovery of the *content* of these recordings should be delayed until after class certification). Secondly, Plaintiff had filed a motion for preliminary injunction in state court. After this case was removed to this Court, the parties began negotiating an alternate resolution of Plaintiff's injunctive claims. If those negotiations fail, Plaintiff will require discovery to support a renewed motion for preliminary injunction that is not limited by "class discovery" restrictions.

1  Plaintiff did not receive all of the information about Defendant's document
2  preservation efforts and electronic document storage systems that she anticipated
3  receiving *via* the parties' Rule 26(f) conference.  Plaintiff anticipates moving the
4  Court for leave to take one or two additional Rule 30(b)(6) depositions under Rule
5  30(a)(2)(A)(i) and to serve two to five additional interrogatories under Rule
6  30(a)(1).  This additional discovery will be limited to those subjects.  Subject to the
7  qualifications above, Plaintiff believes that discovery should be conducted
8  according to the Federal Rules of Civil Procedure and the Court's Local Rules
9  without further modification.

10  The parties represent to the Court that they have taken adequate steps to
11  preserve electronic information.  The parties have met and conferred regarding the
12  exchange of electronic information, and are continuing to meet and confer
13  regarding their preferences with respect to the parameters and format of the
14  production of electronic information.  Plaintiff has requested production of
15  documents in native format.  Without committing itself, Defendant has indicated
16  that it will work with Plaintiff on producing documents in native format.  The
17  parties have agreed that the period of time at issue and thus relevant to discovery is
18  March 9, 2008 to the present.

**4.   RULE 26(f)(4) OTHER ORDERS**

The parties will seek, pursuant to Fed. R. Civ. P. 26(c), entry of a Protective Order governing the disclosure and treatment of confidential information in this case.

**5.   LOCAL RULE 26-1(a) – TREATMENT AS COMPLEX LITIGATION**

Although this is a complex class action, the parties anticipate that they will jointly present a proposed discovery and scheduling plan to the Court under the Federal Rules of Civil Procedure, rather than referring to the Manual for Complex Litigation.

### 6. LOCAL RULE 26-1(b) – CONTEMPLATED MOTIONS

Plaintiff will file a motion for class certification on or before January 11, 2010. The parties expect to file cross motions for summary judgment pursuant to Rule 56 following the close of all discovery.

### 7. LOCAL RULE 26-1(c) – PROSPECTS FOR SETTLEMENT

To date, there have been preliminary settlement discussions. Pursuant to Local Rule 16-15.4, the parties elect to proceed with Settlement Procedure No. 3, participating in a non-judicial dispute resolution proceeding. The parties are amenable to participating in a private mediation at some point.

### 8. LOCAL RULE 26-1(d) – ESTIMATED LENGTH OF TRIAL AND PROPOSED TRIAL DATE

Defendant currently anticipates that a trial on the individual claim of Plaintiff alone would take 3 to 5 days. If a class is certified, Defendant anticipates that the trial will last 3 to 6 weeks. Plaintiff's preliminary estimate is that trial of her individual claims would take one to three days, and that trial of a certified class would take one or two weeks. The parties believe that the setting of any trial date at this time is premature.

### 9. LOCAL RULE 26-1(e) – ADDITIONAL PARTIES

The parties do not anticipate the need to add any additional parties at this time.

### 10. LOCAL RULE 26-1(f) – EXPERT WITNESSES

The parties propose that experts who will submit evidence for use in connection with the class certification motion be disclosed by October 1, 2009, with each side allowed 10 additional days to disclose rebuttal experts. Expert reports for experts giving evidence in connection with the class certification motion would be due November 1, 2009, except that reports for rebuttal experts would be due November 7, 2009.

The parties suggest that other expert deadlines be established by the Court after a ruling on class certification.

**11.   PRIVACY ISSUES**

The lawsuit potentially involves communications by numerous individuals about their healthcare benefits, medical issues, and related issues. This will likely result in significant issues of privacy that could substantially impact discovery. The parties will attempt to resolve these issues but it is possible that they may need to seek the assistance of the Court at some point.

Dated:  June 18, 2009

MITCHELL SILBERBERG & KNUPP LLP
Allen J. Gross
Emma Leuvano
Veronica T. Von Grabow


By:   /s/ Allen J. Gross
          Allen J. Gross
          Attorneys for Defendant
          DISCOVERY BENEFITS, INC.

Dated:  June 18, 2009

PARISI & HAVENS LLP
David C. Parisi
Suzanne Havens Beckman


By:   /s/ David C. Parisi
          David C. Parisi
          Attorneys for Plaintiff
          SUSAN CARMONA