UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CARMONA, an individual, on behalf of herself, the general public and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERY BENEFITS, INC., a North Dakota corporation, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. CV 09-02635 FMC (AGRx)<br><br>The Honorable Florence–Marie Cooper<br><br>**STIPULATED PROTECTIVE ORDER** |

Discovery in the above-referenced lawsuit has begun. The parties to this action have concluded that discovery may involve the review of documents and tangible things containing information that a party contends to be confidential, private and/or proprietary information. Because the parties desire to avoid a dispute over the production of such information, the parties therefore consent to entry of this Protective Order by the Court. IT IS HEREBY AGREED AND STIPULATED by and between the parties, through their respective attorneys of record, as follows:

(1)    The following definitions shall apply to this Stipulation and Protective Order Regarding Confidential Information ("Order"):

Mitchell Silberberg & Knupp LLP
2348032.1

STIPULATED PROTECTIVE ORDER

(a) "Action" shall refer to the above-entitled action in the United States District Court, Central District of California, any appeal thereof through final judgment and any enforcement of judgment.

(b) "Court" shall mean the court in which this Action is being prosecuted, and any other court in which any Document (as defined herein) subject to this Order may be sought or disclosed.

(c) "Confidential Information" shall mean any Document (as defined herein) which a party contends should be protected from disclosure pursuant to the Order on the grounds that the Document contains trade secret, proprietary, commercial or confidential business information, or information subject to a legally protected right of privacy, or information that is believed to be Confidential Information of a third party.

(d) "Document" includes, but is not limited to, any type of document (whether in hard-copy or electronic/computerized form) including corporate, intra-corporate, interoffice and intra-office memoranda, correspondence, reports, conversations, and any and all other taped, recorded, filmed, magnetic, graphic, computerized, written or typed matters of any kind or description, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, voice recordings, transcripts of voice recordings, all interrogatory answers, responses to requests for admissions and for production of documents, deposition testimony and deposition exhibits, and any physical objects, samples or other items produced or obtained from any party in this Action.

(2) In providing or revealing discovery materials, or any other materials produced in this action, any Party, non-party or third party may designate as "Confidential" or "Attorneys' Eyes Only" the whole or any part of any Document which the Designating Party believes in good faith constitutes Confidential Information as follows:

       (a)     The designation of Confidential Information as "Confidential" shall be limited to information which the Designating Party believes in good faith constitutes trade secrets, medical information, know-how, proprietary data, design and manufacturing information, private, personal information, and/or marketing, contract, financial, negotiated or similar commercially sensitive business information or data which the Designating Party either maintains in confidence or as to which the unprotected disclosure might result in economic or competitive injury, and which is not publicly known.

       (b)     The designation of Confidential Information as "Attorneys' Eyes Only" shall be limited to Documents containing personal medical information, personal identification information, and confidential business information that the Designating Party believes will result in it suffering a competitive disadvantage if publicly disclosed or believes will compromise a privacy right.

  (3)     All Documents provided by any Party, non-party or third party which are designated as "Confidential" or "Attorneys' Eyes Only" shall be treated as such by the parties to this litigation.  Such Documents, and all copies, summaries, compilations, notes, or abstracts thereof, shall be exclusively for use in this Action and for no other purpose.

  (4)     Any Party to this proceeding or a non-party or third party may designate any Document or portion thereof "Confidential" or "Attorneys' Eyes Only" pursuant to this Order by marking any Document "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", as appropriate.  When any Document is so designated pursuant to this Order, the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" marking shall be affixed to the cover of the original and each page designated "Confidential" or "Attorneys' Eyes Only," and all copies thereof in a size and location which makes the designation readily apparent.  Stamping "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the cover pages or the

3
STIPULATED PROTECTIVE ORDER

1 first page of any multi-page document shall designate all pages of the document as
2 confidential unless otherwise indicated by the producing party.  Documents may be
3 designated "Confidential" or "Attorneys' Eyes Only" before or within thirty (30)
4 calendar days after it has been produced in this action.  As to documents produced
5 before this Order is entered by the Court, this thirty (30) day period shall begin to
6 run as of the date of the entry of this Order.

7   (5) Any Confidential Information which is filed with the Court by any
8 Party, including transcripts of depositions or portions thereof, documents produced
9 in discovery, information obtained from inspection of premises or things, and
10 answers to interrogatories or request for admissions, exhibits, and all other
11 documents which have been designated as containing Confidential Information, or
12 any pleading or memorandum reproducing or paraphrasing or containing such
13 information, must comply with the Court's Local Rules concerning the filing of
14 documents under seal.

15   (6) (a) Except as set forth herein or by subsequent order of the Court,
16 any Document designated as "Confidential" and any summaries, extracts, charts or
17 notes made therefrom, and any facts or information contained therein or derived
18 therefrom, shall be retained by the receiving counsel and his or her employees and
19 shall not be disclosed by such counsel to any person except:

20    (i) The producing party and parties to this Action who are
21 signatories to this Stipulation and Order and the employees, officers and directors
22 of such persons as reasonably necessary for the prosecution, defense and/or appeal
23 of this Action;

24    (ii) In-house and outside counsel representing the producing
25 party and the parties hereto, said counsel's regular employees including paralegals,
26 secretaries or other support staff or agents assisting counsel in connection with this
27 Action, and the insurer or reinsurer of any party thereto;

28

   (iii) Experts, independent contractors, consultants, or advisors who consult with, are employed or retained by or on behalf of one or more of the parties or their counsel to assist in connection with this Action or to testify at trial or any other proceeding in this Action;

   (iv) Stenograph and court reporters and videographers who are employed in this Action for the purpose of transcribing, including, but not limited to, depositions, the trial or any hearings or proceedings before the Court;

   (v) The Court and its employees;

   (vi) Photocopying firm employees retained to receive or copy documents in connection with this Action;

   (vii) Any person (other than those identified above) who is indicated, on the face of the Document, to be an author or recipient of the Confidential Information; and

   (viii) Other persons designated by mutual agreement of counsel for the parties.

 (b) Counsel to a party desiring to disclose any Confidential Information designated as "Confidential" to any of the persons authorized by this Order shall, prior to disclosure of the information, provide such person with a copy of the Order and such person shall execute a nondisclosure agreement in the form of Attachment A, the original of which shall be maintained by the attorney of record for the party causing the disclosure..

(7) (a) Except as set forth herein or by subsequent order of the Court, any Document designated as "Attorneys' Eyes Only" and any summaries, extracts, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be retained by the receiving counsel and his or her employees and shall not be disclosed by such counsel to any person except:

   (i) The producing party and the employees, officers and directors of such persons;

        (ii)    In-house and outside counsel representing the producing party and outside counsel representing the other parties hereto, and said counsel's regular employees including paralegals, secretaries or other support staff or agents assisting counsel in connection with this Action;

        (iii)    Experts, independent contractors, consultants, or advisors who consult with, are employed or retained by or on behalf of one or more of the parties or their counsel to assist in connection with this Action or to testify at trial or any other proceeding in this Action;

        (iv)    Stenograph and court reporters and videographers who are employed in this Action for the purpose of transcribing, including, but not limited to, depositions, the trial or any hearings or proceedings before the Court;

        (v)    The Court and its employees;

        (vi)    Photocopying firm employees retained to receive or copy documents in connection with this Action;

        (vii)    Any person (other than those identified above) who is indicated, on the face of the Document, to be an author or recipient of the Confidential Information; and

        (viii)    Other persons designated by mutual agreement of counsel for the parties.

    (b)    Counsel to a party desiring to disclose any Confidential Information designated as "Attorneys' Eyes Only" to any of the persons authorized by this Order shall, prior to disclosure of the information, provide such person with a copy of the Order and such person shall execute a nondisclosure agreement in the form of Attachment A, the original of which shall be maintained by the attorney of record for the party causing the disclosure.

    (8)    The parties shall preserve and maintain all existing telephone recordings between Defendant and any putative class member, including recordings of telephone calls between Plaintiff Carmona and personnel of

6

STIPULATED PROTECTIVE ORDER

1  Defendant ("Carmona Calls"), and any known notes or records regarding the
2  Carmona Calls, during the course of this litigation.

3  　　　　(9)　　Any Party shall have the right to use Confidential Information at or
4  for the purpose of taking depositions.  At any deposition session, upon inquiry with
5  regard to the content of a document marked "CONFIDENTIAL"  or
6  "ATTORNEYS' EYES ONLY," or whenever counsel for a Party deems that a
7  question or the answer to a question may result in the disclosure of Confidential
8  Information, or whenever counsel for a Party deems that a question or the answer
9  to a question has resulted in the disclosure of Confidential Information, the
10 deposition (or portions thereof) may be designated by the affected Party as
11 containing Confidential Information subject to the provisions of this Order.  When
12 such designation has been made, the testimony only shall be disclosed to those
13 individuals specified herein.  Counsel for the person whose confidential
14 information is involved also may request that all persons other than the
15 videographer, reporter, counsel, and those individuals specified herein, leave the
16 deposition room during the confidential portion of the deposition.  Counsel must
17 designate portions of a deposition transcript no later than thirty (30) calendar days
18 after receiving the transcript.  Counsel may request that the designated portions of
19 the transcript be separately bound.  During the seven (7) day period after counsel
20 receives the transcript, the entire transcript shall be treated as Confidential
21 Information pursuant to this Order.  After expiration of the seven (7) day period, if
22 no confidential designations have been made by any Party, the entire transcript
23 shall be considered nonconfidential.

24 　　　　If, at any time during the preparation for trial or during the trial of this
25 action, counsel for any Party claims that counsel for any other Party, non-party or
26 third party unreasonably has designated certain information as confidential
27 information, or believes that it is necessary to disclose designated information to
28 persons other than those permitted by this Order, the Objecting Party must make

Mitchell
Silberberg &
Knupp LLP
2348032.1

7
STIPULATED PROTECTIVE ORDER

such objection in writing.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Within fifteen (10) court days of the date of receiving the written objection, the Designating Party must respond to the Objecting Party, in writing, either agreeing to withdraw the designation, or explaining the reasons for retaining the designation.  This objection and response process shall be deemed to meet the meet and confer process specified in Local Rule 37.  Thereafter, the Objecting Party must otherwise comply with Local Rule 37 and thereafter seek relief from the Court.  Until the Court rules on the merits of any motion, the information designated confidential shall remain confidential.  In any application or proceeding to challenge a "Confidential" designation, the designating party shall have the burden of proving that the designation is proper.  As to Documents produced before this Order is entered by the Court, the thirty (30) day period with respect to receiving notice of the challenge shall begin to run as of the date of entry of this Order.

(10)   Within sixty (60) calendar days following the final termination of this Action, including any appeals, all Confidential Information, including all originals, reproductions, summaries or extracts thereof, shall be returned to the Producing Party excluding documents (i) which are on file with the Court or (ii) which constitute attorney-client communications, attorney work product or contain notations of counsel or person(s) in counsel's employ.  At the election of either Party, in lieu of returning the documents, within sixty (60) calendar days of final termination of this Action, including any appeals, the discovering party may destroy all Confidential Information, and copies excerpts and extracts thereof with written confirmation of the destruction promptly provided to all other parties.

(11)  This Order, or the approval of the parties hereon, does not constitute an admission, waiver, finding or agreement that any material, document, or information is subject to discovery in this proceeding or before any court or is admissible as evidence before any court; nor does this order, or the approval thereof, waive or limit any right of privacy.

(12)  The parties shall apply the provisions of this Order concerning Confidential Information in good faith and shall not use these provisions for purpose of delay or frustrating the legitimate litigation of the case.

(13)  A designating party must take care to designate for protection only those materials, documents, items or oral or written communications that qualify – so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

(14)  This Order shall not prevent a party or a counsel of record for either party from using any documents or other materials obtained and designated as "Confidential" or "Attorneys' Eyes Only" hereunder in motions, affidavits or other pleadings, where they are properly marked as "Confidential" or "Attorneys' Eyes Only" and filed under seal, pursuant to this Order.  In all cases where a party seeks to file a document under seal, it shall comply with Local Rule 79-5 of this Court, including the provisions requiring that "a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal."  A brief or other paper shall be deemed filed and served when it is served on all parties and submitted to the Court with an application to file under seal.  The parties may also, by stipulation, agree that documents previously marked as "Confidential" or "Attorney's Eyes Only" may be filed or referred to in documents filed with the Court without seeking to have the document placed under seal.

1   (15)   In the event that any Confidential Information is used in any Court
2   proceeding, the information shall not lose its confidential status through such use.
3   However, Confidential and Attorney's Eyes Only information used at trial shall
4   become public absent a court order upon written motion and with sufficient cause
5   shown that restricts the dissemination of such information.

6   (16)   This Order shall be without prejudice to the right of the parties to
7   present a motion to the Court for a separate protective order as to any particular
8   document or information, including restrictions differing from those as specified
9   herein.

10   (17)   This Order shall govern all pretrial proceedings, but shall be subject to
11   modification either before, during, or after the trial upon the merits, upon
12   application of any of the parties to this lawsuit and for good cause shown.

13   (18)   Counsel for all parties in this Action agree to take all reasonable
14   precautions to prevent the disclosure of any Confidential Information received by
15   them to any persons who are not parties to the Acknowledgment and Agreement.

16   (19)   Nothing in this Order shall limit any Producing Party's use of its own
17   documents or shall prevent any Producing Party from disclosing its Confidential
18   Information to any person.  Such disclosure shall not affect any Confidential
19   Information designation made pursuant to the terms of the Order so long as the
20   disclosure is made in a manner which is reasonably calculated to maintain the
21   confidentiality of the information.

|    |                                                                                       |
|----|---------------------------------------------------------------------------------------|
| 1  | The parties to this Action agree that the terms and conditions of this Order          |
| 2  | are the result of negotiations between their counsel, and that this Order shall not be |
| 3  | construed in favor of or against any party by reason of the extent to which its       |
| 4  | counsel participated in the drafting of this Order.                                    |
| 5  | AND NOW, this 31st day of August, 2009, the above Stipulated Protective               |
| 6  | Order is approved and adopted as an Order of the Court.                                |

BY THE COURT:

*Alicia G. Rosenberg*

United States District Judge

# ATTACHMENT A TO [PROPOSED] STIPULATED PROTECTIVE ORDER

## STATEMENT OF CONFIDENTIALITY

By signing this statement of confidentiality, I hereby certify that I have read the Protective Order entered by the United States District Court for the Central District of California in the matter captioned as <u>Susan Carmona, et al. v. Discovery Benefits, Inc.</u>, Civil Action File No. CV 09-02635 FMC (AGRx). I understand that Order and agree to abide by its contents by not disclosing confidential information to anyone other than counsel of record for the parties, except as required by lawful judicial process.

Signed: _____

Name: _____

Date: _____

Mitchell Silberberg & Knupp LLP
2348032.1