David C. Parisi, Esq. (162248)
Suzanne Havens Beckman, Esq. (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California  91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Steven L. Zelig, Esq. (94654)
BRENTWOOD LEGAL SERVICES LLP
11661 San Vicente Blvd., Suite 1015
Los Angeles, California   90049
(310) 442-6042 (phone)
(310) 442-6052 (facsimile)
slzlaw@aol.com

Ethan Preston (263295)
PRESTON LAW OFFICES
1658 N. Milwaukee Avenue, No. 253
Chicago, Illinois 60647
(312) 492-4070 (phone)
(312) 262-1007 (facsimile)
ep@eplaw.us

Attorneys for Plaintiff Susan Carmona, on
behalf of herself, the general public and all
others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CARMONA, an individual, on behalf of herself, the general public and all others similarly situated, | Civil Action File |
| | No. CV 09-02635 JHN (AJWx) |
| Plaintiff, | **DECLARATION OF DAVID C. PARISI IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |
| v. | |
| DISCOVERY BENEFITS, INC., a North Dakota corporation,  and DOES 1-100, inclusive, | **Date:   February 22, 2010** <br> **Time:  9:00 a.m.** |
| Defendants, | Judge:  Hon. Jacqueline H. Nguyen <br> Courtroom:  1600 |

I, David C. Parisi, hereby declare as follows:

1.    I am an attorney at law licensed to practice before all of the courts of the State of California.  I am counsel of record for Plaintiff Susan Carmona, and have personal knowledge of all of the facts set forth in this declaration, and, if called as a witness, I would and could testify competently to the truth thereof.

2.    I received a letter from counsel for defendant Discovery Benefits in this lawsuit on or about May 23, 2009.  The letter included a declaration of the President of Discovery Benefits, John Biwer.  A true and correct copy of this letter and declaration are attached hereto as Exhibit 1.

3.    During this litigation, on behalf of plaintiff, I caused to be served a first set of interrogatories on Discovery Benefits.  Defendant served a written response to this set of discovery which was verified by the President of Discovery Benefits.  A true and correct copy of Discovery Benefits' responses to the first set of interrogatories, without the lists of phone calls, which are subject to a protective order, is attached hereto as Exhibit 2.  One of the lists, identified as Exhibit A, which is subject to a protective order, lists 162 phone calls which are identified as "Outbound Recorded Calls Placed to a California Telephone Number, Calls with an Individual, March 9, 2008 – March 23, 2009."

4.    The principals of Parisi & Havens LLP are Suzanne Havens Beckman and myself.  Together, over the last ten years, we have successfully litigated complex insurance coverage and class actions on behalf of plaintiffs.  We have been lead counsel for plaintiffs in lawsuits which, combined, have settled for in excess of $200,000,000.00.  A copy of our firm resume is attached hereto as Exhibit 3.

Declaration of David C. Parisi

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

1      I declare under penalty of perjury under the laws of the United States and the State of

2  California that the foregoing is true and correct.  Executed on January 11, 2010, at Sherman

3  Oaks, California.

4                                                    ___s/David C. Parisi_____
                                                     David C. Parisi
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of David C. Parisi

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299



**KILPATRICK**
**STOCKTON LLP**

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

direct dial 404 815 6385
direct fax 404 541 3155
tchristopher@kilpatrickstockton.com

May 22, 2009

David C. Parisi, Esq.
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403

> Re:    *Carmona v. Discovery Benefits, Inc.*
> United States District Court, Central District of California
> Civil Action File No.  CV 09-02635 FMC (AGRx)

Dear Mr. Parisi:

Enclosed is a declaration addressing the issues that we discussed regarding the recording of telephone calls.

In your letter to me of May 15, you indicated that you had understood from our telephone conversation that the recording of conversations was due to the activities of individual employees and thus that certain "controls" needed to be put in place. However, as will become clear when we get into discovery, the recording was due to the system in place that had been obtained from another company, and not to any individuals disregarding instructions. Management was not aware that the system recorded outgoing calls and thus gave no instructions on this point. There is no reason to believe that any employees will disregard the instructions they have now been given since the situation came to light.

The proposed order that you sent included an injunction. We had not, of course, agreed to an injunction and do not see that an injunction is appropriate under the circumstances. The practice involved was discontinued when discovered by management and we have provided evidence of this.

**Exhibit 1**

David C. Parisi, Esq.
May 22, 2009
Page 2

If you need further information, I suggest that we discuss this discovery in the scheduling conference that we need to conduct soon. We will be happy to cooperate in any reasonable discovery. I will be out next week but we could set up a conference the following week if that works with your schedule.

Very truly yours,

Thomas H. Christopher

THC:lsc
Enclosure
cc:    Allen J. Gross, Esq.

US2008 668788.1

**Exhibit 1**

1  ALLEN J. GROSS (SBN 141082)
   ajg@msk.com
2  EMMA LUEVANO (SBN 198421)
   eyl@msk.com
3  VERONICA T. VON GRABOW (SBN 259859),
   vtv@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  THOMAS H. CHRISTOPHER (GA SBN 125512)
   TChristopher@KilpatrickStockton.com
8  KATHARINE M. FIELD (GA SBN 443275)
   KField@KilpatrickStockton.com
9  KILPATRICK STOCKTON LLP
   1100 Peachtree Street, Suite 2800
10 Atlanta, Georgia 30309-4530
   Telephone: (404) 815-6385
11 Facsimile: (404) 541-3155

12

13 Counsel for Defendant
   Discovery Benefits, Inc.
14

15          **UNITED STATES DISTRICT COURT**

16  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17

| | |
|---|---|
| SUSAN CARMONA, suing individually and on behalf of all others similarly situated, | Civil Action File<br><br>No. CV 09-02635 FMC (AGRx) |
| Plaintiff, | |
| v. | **DECLARATION OF JOHN BIWER REGARDING RECORDING OF TELEPHONE CALLS** |
| DISCOVERY BENEFITS, INC., a North Dakota corporation; and defendant Does 1 through 100, inclusive, | |
| Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF JOHN BIWER**

JOHN BIWER hereby declares:

1.    My name is John Biwer. I am over the age of 21 and competent to provide the testimony set forth in this declaration. I have personal knowledge of the facts stated herein, unless otherwise stated, and, if called and sworn as a witness, could and would competently testify thereto.

2.    I am President of Discovery Benefits, Inc. ("Discovery Benefits" or the "Company").

3.    In March of 2009, I learned that the recording system in use at Discovery Benefits, which had been provided by another entity, recorded certain telephone calls from our Fargo, North Dakota facility ("Fargo Facility") but did not play a message announcing that the recording would occur. I had previously been unaware of this fact. I directed that the recording of any such telephone calls cease and have been advised that this has occurred.

4.    Discovery Benefits has no plans to record telephone calls from the Fargo Facility to California ("outbound calls") in the future. I agree that, during the course of this litigation, Discovery Benefits will give to plaintiff's counsel in this litigation at least ten days notice in advance of implementing any policy or procedure of recording outbound calls from the Fargo Facility to California without obtaining the consent of all parties.

5.    I have directed that all of the existing recordings of telephone calls from the Fargo Facility to California be preserved for the course of this litigation. I have further directed that no use is to be made of these recordings outside of this litigation.

– 2 –

DECLARATION OF JOHN BIWER

US2008 685718.1

**Exhibit 1**

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed in Fargo, North Dakota, on May <u>21</u>, 2009.

4

5    John Biwer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    - 3 -

DECLARATION OF JOHN BIWER

28   US2008 685718.1

**Exhibit 1**

1  ALLEN J. GROSS (SBN 141082)
   ajg@msk.com
2  EMMA LUEVANO (SBN 198421)
   eyl@msk.com
3  VERONICA T. VON GRABOW (SBN 259859),
   vtv@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  THOMAS H. CHRISTOPHER (GA SBN 125512)
   TChristopher@KilpatrickStockton.com
8  KATHARINE M. FIELD (GA SBN 443275)
   KField@KilpatrickStockton.com
9  KILPATRICK STOCKTON LLP
   1100 Peachtree Street, Suite 2800
10 Atlanta, Georgia 30309-4530
   Telephone: (404) 815-6385
11 Facsimile: (404) 541-3155
   *Seeking Admission Pro Hac Vice*
12
13 Counsel for Defendant
14 Discovery Benefits, Inc.
15
16              **UNITED STATES DISTRICT COURT**
17             **CENTRAL DISTRICT OF CALIFORNIA**

18 | SUSAN CARMONA, suing individually and on behalf of all others | Civil Action File |
19 | similarly situated, | No. CV 09-02635 FMC (AGRx) |
20 |          Plaintiff, | |
21 |     v. | **RESPONSES TO PLAINTIFF'S FIRST SET OF** |
22 | DISCOVERY BENEFITS, INC., a | **INTERROGATORIES TO DISCOVERY BENEFITS, INC.** |
23 | North Dakota corporation; and | |
24 | defendant Does 1 through 100, inclusive, | |
25 |          Defendants. | |
26
27
28
                  RESPONSES TO INTERROGATORIES

**Exhibit 2**

**GENERAL OBJECTIONS**

1.   Discovery Benefits objects to each interrogatory to the extent that it seeks private, medical, or confidential information of individuals other than Susan Carmona on the grounds that it violates the right of privacy established by the California Constitution, Art. I, § 1, by the California Medical Information Privacy Act, Civ. Code § 56.10(a), by the Health Insurance Portability and Accountability Act, U.S.C. § 1301 et seq. and 45 CFR Parts 160, 162, and 164, and by other statutory, regulatory and decisional authority.

2.   Discovery Benefits objects to each interrogatory to the extent that it seeks attorney-client communications or attorney or litigation work product.

3.   Discovery Benefits objects to the production of confidential and private information without the prior entry of a protective order, preferably by consent. A draft protective order has been submitted to Plaintiff. Discovery Benefits, by agreeing to a protective order, does not stipulate that all objections to the disclosure of information or to the production of certain documents are waived or that the privacy or confidentiality issues are resolved. It retains the right, where appropriate, to object to the disclosure of information or material to Plaintiff or her representatives on privacy, confidentiality, undue burden or oppression, or other grounds. Exhibit A to these Responses contains confidential information subject to this objection and will be produced upon entry of the protective order.

4.   Discovery Benefits objects to Plaintiffs' Interrogatories on the grounds that the instructions and definitions, including Sections A, B, C and D, are unduly burdensome and seek to place obligations on Defendant not provided for under the Federal Rules of Civil Procedure or the Local Rules of the Central District of California.

– 2 –

1    5.    Discovery Benefits objects to each of Plaintiff's Interrogatories on
2 the grounds that they are overly broad in scope and unduly burdensome in that
3 they are unlimited in time and request material that is not relevant and is not
4 calculated to lead to the discovery of admissible evidence.  The period at issue
5 began on March 9, 2008 (see Joint Report Pursuant to Fed. R. Civ. P. 264,
6 Section 3) and the interrogatories, to the extent that they relate to the prior
7 period or relate to issues prior to that date are irrelevant and unduly burdensome
8 and information concerning that time period will not be produced.
9    6.    Discovery Benefits objects to the Definitions section of Plaintiff's
10 Interrogatories, including Section A(1), on the grounds that it is overly broad,
11 unduly burdensome, and exceeds the requirements of the Federal Rules of Civil
12 Procedure and the Local Rules of the Central District of California, including
13 the attempt to place an obligation on Discovery Benefits to produce information
14 not in its possession and control, and to make it responsible for producing
15 information in the possession of other persons and entities.  As used herein,
16 "Discovery Benefits" shall refer to Defendant Discovery Benefits and to no
17 other person or entity, and Discovery Benefits shall respond only on behalf of
18 itself.
19    7.    Discovery Benefits objects to Section A(2) of Plaintiff's
20 Interrogatories to the extent that it attempts to require Discovery Benefits to
21 identify recordings of telephone calls to persons residing in California when the
22 telephone number called is not a California number on the grounds that it is
23 overly broad, unduly burdensome, and oppressive.  This information is
24 essentially impossible to determine and any such inquiry would likely require
25 the review of thousands of recordings without the likelihood of obtaining useful
26 information.  The Voice Print system that made records of certain recordings
27                                    – 3 –
28 _____
       RESPONSES TO INTERROGATORIES                    **Exhibit 2**
   US2008 753024.2

1  does not indicate the identity of the recipient of the call or the state of residence
2  of the persons recorded.  Accordingly, the requested information is not
3  reasonably available and is not known to Discovery Benefits.
4        8.    Discovery Benefits objects to Section A(4) of Plaintiff's
5  Interrogatories on the grounds that it is overly broad, unduly burdensome,
6  vague, ambiguous, and oppressive.
7
8                          **INTERROGATORIES**
9      **INTERROGATORY NO. 1**:  State in detail each fact upon which DBI
10  bases its contention that that it is not liable to Carmona under the claims stated
11  in the above-captioned proceeding.
12      **RESPONSE:**      Discovery Benefits objects to Interrogatory No. 1 on
13  the grounds that it is overly broad, unduly vague, and ambiguous and on the
14  grounds stated in General Objections 1, 2, 3, 4, 5, 6 and 8.  Further, the burden
15  of production of evidence and persuasion is upon Plaintiff in this matter and
16  Discovery Benefits has not had the benefit of any discovery in this case.
17        However, without waiving the objections, Discovery Benefits states that
18  it did not intend to record confidential conversations with Ms. Carmona and
19  issued no instructions for the recording of such calls.  The installation of
20  recording equipment was handled by other entities and Discovery Benefits
21  management was not aware that recording of outbound calls was occurring.
22  Information systems and administration was provided under contract by State
23  Bank & Trust, Fargo, North Dakota.  The equipment involved in any recording
24  during the relevant period was provided by NetWork Center Communications
25  and Voice Print International.  The Company did not make any decision to
26
27                          – 4 –
28                  RESPONSES TO INTERROGATORIES

US2008 753024.2

**Exhibit 2**

1 | record outbound calls and ceased the recording of any such calls when it
2 | learned that such recording may have been occurring.

3 |      Ms. Carmona knew or had reason to know of the recordings on which
4 | she bases her claim, failed to object, waived any objection that she my have had
5 | the right to make, and consented to the recorded calls.  Ms. Carmona
6 | voluntarily spoke to employees of Discovery Benefits and voluntarily provided
7 | information to it, when she knew or reasonably should have known that it
8 | would be shared with Discovery Benefits employees.  Ms. Carmona did not
9 | suffer injury or harm of any kind due to any action of Discovery Benefits.

10 |      The facts described by Ms. Carmona and others regarding the telephone
11 | conversations at issue and the facts revealed by records and recordings of the
12 | telephone conversations are also responsive to this interrogatory.  Discovery
13 | Benefits incorporates herein its Initial Disclosures and responses to document
14 | requests in this action.

15 | **INTERROGATORY NO. 2**:  State in detail each fact upon which DBI
16 | bases its contention that that Carmona is not an adequate representative for the
17 | class alleged in the above-captioned proceeding.

18 | **RESPONSE**:  Discovery Benefits objects to Interrogatory No. 2 on the
19 | grounds that it is premature in that Discovery Benefits has not had the benefit
20 | of any discovery in this matter and many of the facts concerning it are solely in
21 | the possession of Plaintiff.  Discovery Benefits further objects on the grounds
22 | stated in General Objections 1, 2, 3, 4, 6, and 8.  Discovery Benefits
23 | incorporates its response to Interrogatory No. 1.  Discovery Benefits further
24 | states that Plaintiff is not typical of the class she seeks to represent.  It also
25 | incorporates by reference the facts regarding the telephone conversations that

26 |
27 |               – 5 –
28 |

US2008 753024.2

**Exhibit 2**

1  Ms. Carmona had with Discovery Benefits employees, the recordings of which

2  will be produced to Plaintiff upon entry of a protective order.

3       **INTERROGATORY NO. 3**. For each Outgoing Call which DBI

4  recorded, state

5       a.    the date and time of the Outgoing Call,

6       b.    the name and title of the DBI employee(s) or agent(s) which

7  placed the Outgoing Call and/or caused DBI to record the Outgoing Call, and

8       c.    any reference or identifier which DBI uses or may use to uniquely

9  refer to a specific Outgoing Call or recording of the same Outgoing Call

10  (including a filename and filepath of an electronic recording).

11       **RESPONSE:** Discovery Benefits objects to Interrogatory No. 3 on the

12  grounds stated in General Objections 1, 2, 3, 4, 5, 6, and 7. Discovery Benefits

13  also objects on the grounds that Interrogatory No. 3 is overly broad and unduly

14  burdensome and is not calculated to lead to the discovery of admissible

15  evidence. Even if the interrogatory were ever to have the potential to lead to

16  discovery of admissible evidence, such evidence would apply only to the post-

17  certification phase of the case, if at all. As a class has not been certified, and

18  Discovery Benefits objects to the certification of the class, any such discovery

19  requests are premature if at all relevant. Further, subparagraph c., in seeking an

20  "identifier" for telephone calls, seeks potentially personal information subject

21  to General Objection 1.

22       However, in order to minimize controversy, but without waiving

23  objections, Discovery Benefits is willing to provide certain information from

24  the Voice Print System regarding the date of "Outgoing Calls" during the

25  relevant period (*i.e.*, since March 9, 2008). This information would include the

26  date and time of the recorded "Outgoing Call" during the period beginning

27                               – 6 –

28                  RESPONSES TO INTERROGATORIES

US2008 753024.2

**Exhibit 2**

1  March 9, 2008, and the name of the employee who placed the call. Discovery

2  Benefits is not currently aware of an identifier for calls other than one created

3  since the start of the litigation and that identifier may contain private

4  information such as the telephone number of the individual. Discovery

5  Benefits has stated on Exhibit A hereto a number for such calls which Plaintiff

6  may use to refer to the calls specifically, thus enabling Plaintiff to identify the

7  calls without obtaining potentially private information.

8      The information described in this response is contained on Exhibit A to

9  these responses, which will be provided to Plaintiff upon entry of an

10  appropriate protective order. Discovery Benefits has made no other

11  determination as to the number of recorded "Outgoing Calls" during the

12  relevant period.

13      Discovery Benefits notes that the amount of information in the Voice

14  Print system about recorded calls decreased significantly in June of 2008 and

15  this decrease may be the result of a change in the method of recording from

16  "station-to-station" to "trunk side" recording.

17

18

19

20

21

22

23

24

25

26

27                                    - 7 -

28
US2008 753024.2

**Exhibit 2**

Respectfully submitted this 6th day of August, 2009.

Admitted *pro hac vice*:

*Thomas H. Christopher*

ALLEN J. GROSS
(State Bar No. 141082)

Thomas H. Christopher
Georgia Bar No. 125512
Katharine M. Field
Georgia Bar No. 443275
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Veronica Von Grabow
(State Bar No. 259859)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

– 8 –

RESPONSES TO INTERROGATORIES

US2008 753024.2

**Exhibit 2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>VERIFICATION</u>**

I have read the foregoing **RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DISCOVERY BENEFITS, INC.** and know its contents.

I am President of Defendant Discovery Benefits, Inc., a party to this action and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe that the matters stated in the foregoing document are true.

Executed on _____ 8-6 _____, 2009 at Fargo, North Dakota.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

John M. Biwer
Print Name

John M. Biwer
Signature

RESPONSES TO INTERROGATORIES

US2008 786764.1

**Exhibit 2**

## PROOF OF SERVICE

*Carmona v. Discovery Benefits, Inc.*
USDC, Central District, Case No. CV09-02635 FMC (AGRx)
Removed from LASC Case No. BC409244

STATE OF GEORGIA, COUNTY OF FULTON

I am employed in the county of Fulton, State of Georgia, I am over the age of 18 and not a party to the within action. My business address is Kilpatrick Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309.

On August 6, 2009, I served a copy of the foregoing document(s) described as **RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DISCOVERY BENEFITS, INC.** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Steven L. Zelig, Esq.<br>slzlaw@aol.com<br>Brentwood Legal Services LLP<br>11661 San Vicente Boulevard<br>Suite 1015<br>Los Angeles, CA 90049<br>T: (310) 442-6042<br>F: (310) 442-6052 | David C. Parisi, Esq.<br>dcparisi@parisihavens.com<br>Susanne Havens Beckman, Esq.<br>shavens@parisihavens.com<br>Parisi & Havins, LLP<br>15233 Valleyheart Drive<br>Sherman Oaks, CA 91403<br>T: (818) 990-1299<br>F: (818) 501-7852 |
| *Attorney for Plaintiff Susan Carmona, on behalf of herself, the general public and all other similarly situated* | *Attorney for Plaintiff Susan Carmona, on behalf of herself, the general public and all other similarly situated* |

☒ **BY MAIL:** I placed the above mentioned document(s) in sealed envelope(s) address as set forth above, and deposited each in the mail at Atlanta, Georgia. Each envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 6, 2009, at Atlanta, Georgia.

*Amy Mansfield*
Amy Mansfield

- 9 -

RESPONSES TO INTERROGATORIES

US2008 753024.2

**Exhibit 2**

**Page 18 of 22**

(December 15, 2009)

# The Law Firm

**Parisi & Havens LLP** is a dynamic law firm that prides itself in meeting the varying needs of our clients. Our firm is committed to providing each of our clients with the highest quality legal representation and achieving the most successful resolution of their cases possible. We specialize in representing individuals and businesses in complex insurance coverage and insurance bad faith disputes, consumer class actions, as well as general civil and business litigation. The firm counts as its clients several banks, a Fortune 500 Company and numerous consumers. In each area in which we practice, the firm and its partners have built a reputation in the community for representing clients in cutting-edge litigation with skill, strength, and integrity. Consistent with the needs of our clients and the individual nature of each case, Parisi & Havens uses both contingency and hourly fee arrangements.

# The Partners

### David C. Parisi

Mr. Parisi represents consumers and businesses in conflicts with their insurance carriers. He also litigates class actions by consumers and insureds against corporations. In his career, Mr. Parisi has addressed and resolved numerous insurance issues for businesses and homeowners, such as the application of complex exclusions in directors and officers liability insurance policies, the scope of business liability insurance policies, the degree to which insurance carriers may dictate the defense strategy of their insureds, whether insurance carriers can force insureds to participate in a costly appraisal process, as well as various automobile and homeowners policy interpretation issues.

Mr. Parisi has served in a leadership role or was co-lead counsel in the following complex lawsuits and class actions:

> *In re Farmers Northridge Earthquake Commercial Litigation* and *In re Farmers Northridge Earthquake Commercial Litigation No. II*, two groups of consolidated and related complex lawsuits. Mr. Parisi's clients' had over 169 claims in this litigation and resolved their disputes for in excess of $191 million.

> *Mendel v. Sirius Satellite Radio, Inc., et al.*, a consumer class action valued at just over $1 million in which every consumer was awarded 100 percent reimbursement.

**Exhibit 3**

(December 15, 2009)

*August v. Sony Pictures Home Entertainment, Inc., et al.*, a consumer action which resulted in both Sony Pictures and Netflix, Inc. changing their practices with respect to all consumers nationwide.

*Eren v. Topa Insurance Company, Inc., et al.*, an insurance action which resulted in Topa changing its practices with respect to denying particular types of insurance claims and reimbursing affected insureds in State of California.

*Simonian v. Farmers Group, Inc., et al.*, an insurance class action which resolved with insureds receiving 100 percent reimbursement of approximately $9 million withheld by the insurer, and which resulted in a change in the claims practice of the insurer.

*McGuire v. Farmers Group, Inc., et al.*, an insurance class action which challenged Farmers' practice of overinsuring property, thereby artificially inflating policy limits and artificially inflating policy premiums.  The case was settled with Farmers agreeing to change its practices.

*In re ATI HDCP Litigation*, a consumer class action which sought compensation for persons who purchased video graphics cards which were advertised as being able to process video pursuant to the HDCP protocol.  The case settled with a value of $11.5 million and all persons who made claims were given the opportunity to receive a new, more functional, graphics cards.

Mr. Parisi's published appellate opinions, where he represented the insured or amici, include *Fireman's Fund Ins. Companies v. Younesi* (1996) 48 Cal.App.4th 451; *Doheny West Homeowners' Ass'n v. American Guarantee & Liability Ins. Co.* (1997) 60 Cal.App.4th 400; *Truck Insurance Exchange v. Superior Court* (1998) 67 Cal.App.4th 142; *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112; *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870; *21st Century Ins. Co. v. Superior Court (Schwartz)* (2005) 127 Cal.App.4th 1351; and *Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076.

Mr. Parisi has taught attorneys about insurance bad faith and is often called upon by insurance professionals for advice on complex insurance coverage issues.  Mr. Parisi is a member of the Consumer Attorneys of California, the Consumer Attorneys Association of Los Angeles, Trial Lawyers for Public Justice, the American Trial Lawyers Association and the Los Angeles County Bar Association.  He is admitted to the State Bar of

**Exhibit 3**

(December 15, 2009)

California as well as the U.S. District Court for the Northern, Southern and Central Districts of California.

As a consumer advocate, Mr. Parisi gives a great deal of his time to assist various consumer-related insurance organizations.  Mr. Parisi is a 1992 graduate of the Boston University School of Law.

**Suzanne Havens Beckman**

Ms. Havens Beckman's practice is primarily focused on insurance bad faith litigation on behalf of California policyholders as well as class action litigation on behalf of consumers.  Ms. Havens Beckman has represented insureds and resolved hundreds of lawsuits dealing with a wide variety of complex insurance bad faith issues: from director and officer liability disputes; to duty to defend liability; to the more typical homeowners insurance issues, including the water loss exclusion, the code upgrade exclusion, coverage for damage caused by mold, and the appraisal clause.  Ms. Havens Beckman's clients range from individuals to small businesses and large corporations.  Ms. Havens Beckman also has significant experience in general civil litigation.

Ms. Havens Beckman has served in a leadership role or was co-lead counsel in the following complex lawsuits and class actions:

> *In re Farmers Northridge Earthquake Commercial Litigation* and *In re Farmers Northridge Earthquake Commercial Litigation No. II*, two groups of consolidated and related complex lawsuits.  Ms. Havens' Beckman's clients had over 60 claims in this litigation and resolved their disputes for in excess of $40 million.

> *Mendel v. Sirius Satellite Radio, Inc., et al.*, a consumer class action valued at just over $1 million in which every consumer was awarded 100 percent reimbursement.

> *August v. Sony Pictures Home Entertainment, Inc., et al.*, a consumer action which resulted in both Sony Pictures and Netflix, Inc. changing their practices with respect to all consumers nationwide.

> *Eren v. Topa Insurance Company, Inc., et al.*, an insurance action which resulted in Topa changing its practices with respect to denying particular types of insurance claims and reimbursing affected insureds in State of California.

**Exhibit 3**

(December 15, 2009)

> *Marootian v. New York Life Ins. Co., et al.*, a class action which involved claims stemming from the Armenian Genocide of 1915 which involved complex issues of International Jurisdiction.
>
> *In re ATI HDCP Litigation*, a consumer class action which sought compensation for persons who purchased video graphics cards which were advertised as being able to process video pursuant to the HDCP protocol. The case settled with a value of $11.5 million and all persons who made claims were given the opportunity to receive a new, more functional, graphics cards.

In addition to her litigation and claims analysis experience, Ms. Havens Beckman has been successful at the appellate level. In recognition of her efforts to confirm the constitutionality of Code of Civil Procedure section 340.9, Ms. Havens Beckman received the Consumer Attorneys of California 2001 Presidential Award of Merit. Ms. Havens Beckman's published opinions include *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112; *20th Century Ins. Co. v. Superior Court (Ahles)* (2001) 90 Cal.App.4th 1237; *Bialo v. Western Mutual Insurance Company* (2002) 95 Cal.App.4th 68; *Migliore v. Mid-Century Insurance Company* (2002) 97 Cal.App.4th 592; *E.M.M.I. Inc. v. Zurich American Insurance Company* (2004) 32 Cal.4th 465; *21st Century Ins. Co. v. Superior Court (Schwartz)* (2005) 127 Cal.App.4th 1351; and *Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076.

Ms. Havens Beckman is often called upon by other attorneys and insurance professionals for her advice in responding to insurance company denials of claims and has lectured on various insurance litigation topics.

Ms. Havens Beckman received her J.D. from the University of Southern California Law School in 1996. She is a member of the Consumer Attorneys Association of Los Angeles and Trial Lawyers for Public Justice. Ms. Havens Beckman is admitted to the State Bar of California as well as the U.S. District Court for the Northern, Southern, Eastern and Central Districts of California.

Ms. Havens Beckman devotes her free time to causes that she cares about, including volunteering her time to local environmental and hospice organizations.

**Exhibit 3**