David C. Parisi, Esq. (162248)
Suzanne Havens Beckman, Esq. (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California  91403
(818) 990-1299 (phone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Steven L. Zelig, Esq. (94654)
BRENTWOOD LEGAL SERVICES LLP
11661 San Vicente Blvd., Suite 1015
Los Angeles, California   90049
(310) 442-6042 (phone)
(310) 442-6052 (facsimile)
slzlaw@aol.com

Ethan Preston (263295)
PRESTON LAW OFFICES
1658 N. Milwaukee Avenue, No. 253
Chicago, Illinois 60647
(312) 492-4070 (phone)
(312) 262-1007 (facsimile)
ep@eplaw.us

Attorneys for Plaintiff Susan Carmona, on behalf of herself, the general public and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN CARMONA, an individual, on behalf of herself, the general public and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DISCOVERY BENEFITS, INC., a North Dakota corporation,  and DOES 1-100, inclusive,<br><br>　　　　　　Defendants. | Case No. CV 09-02635 JHN (AJWx)<br><br>**DECLARATION OF SUSAN CARMONA IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>**Date:　February 22, 2010**<br>**Time:　9:00 a.m.**<br><br>Judge:　Hon. Jacqueline H. Nguyen<br>Courtroom:  1600 |

1

Declaration of Susan Carmona

1      I, Susan Carmona, declare:

3      1.    I am over the age of eighteen, a resident of California and the named Plaintiff in this litigation. I provide this declaration in support of the Motion for Class Certification. The facts declared herein are known to me personally, and I could and would competently testify thereto if called as a witness.

2.    From 1995 through approximately July 31, 2007, I was employed by Health Net Inc., in Woodland Hills, California.

3.    Following the termination of my employment with Health Net, I continued my health care coverage through the COBRA program, and I thereafter had occasion to communicate with Discovery Benefits, which administered the program for Health Net. Prior to my termination, I never spoke with anyone at Discovery Benefits.

4.    From March 2008 through the filing of this action in March 2009, I received a number of telephone calls initiated by Discovery Benefits. Some of these phone calls went to my voice mail and some I answered and spoke with the Discovery Benefits representatives. All of these phone calls were made to me when I was in California and were made to my California phone number.

5.    Each time I made a telephone call to Discovery Benefits, I heard a pre-recorded message that the phone call might be recorded or monitored.

6.    However, when I <u>received</u> a telephone call from Discovery Benefits, no Discovery Benefits employee ever stated to me that the call might be recorded or monitored. I did not believe or understand that calls that I received from Discovery Benefits were recorded or monitored.

7.  In late 2008, a dispute arose regarding my payment of premiums to Discovery Benefits, and there was a series of telephone conversations between myself and Discovery Benefits, some of which I initiated, and some of which Discovery Benefits initiated.

8.  During the course of one of these conversations, on or about November 12, 2008, I asked if outbound calls were recorded and a Discovery Benefits employee stated to me that Discovery Benefits recorded all of its outbound telephone calls.

9.  Discovery Benefits produced copies of some of these recordings to my attorney during the course of this litigation.  Specifically, it produced copies of recordings dated June 25, 2008 and November 12, 2008.  I have listened to these recordings and they were made without Discovery Benefits having obtained my permission to record the conversations.

10.  During the course of these conversations, I disclosed confidential and private information regarding my personal finances and health status in order to resolve an issue regarding the status of my health insurance coverage, and I had a reasonable expectation that this information would remain confidential and private and, thus, unrecorded by Discovery Benefits.

11.  I have agreed to be a class representative in this lawsuit against Discovery Benefits.  As a potential class representative, I have agreed to follow the progress of this lawsuit and provide all relevant facts to the lawyers for the class, which I have done.

12.  I know the duties of a class representative and am prepared to vigorously prosecute this action on behalf of the class.  I understand that a class

representative has claims that are typical of those of the class, and thus involve common issues of law and fact. I understand and agree that as a class representative I am always to consider the interests of the class just as I would consider my own interests.

13.  I am not aware of any factual or legal conflict that I may have with any other member of the proposed class. As I understand it, the facts of my case are virtually identical to those of the other members of the proposed class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2010, at Sherman Oaks, California.

*Susan Carmona* (signature)

Susan Carmona